UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| RICHARD H. LIRA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Comm.<br>Social Security Administration,<br><br>　　　　　　Defendant. | ED CV 07-1292-SH<br><br>MEMORANDUM DECISION |

## I. BACKGROUND

This matter is before the court for review of the Decision of the Commissioner of Social Security denying plaintiff's continuance of Tittle II Social Security Disability Insurance benefits and Title XVI Supplemental Security Income benefits. The action arises under 42 U.S.C. §405(g), which authorizes the court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the

defendant has filed the Certified Transcript of record, and the parties have filed a Joint Stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

Plaintiff makes three challenges to the ALJ's determination that his disability had ceased. Plaintiff alleges that the ALJ erred (1) in failing to meet the burden that there had been a medical improvement sufficient for plaintiff to engage in substantial gainful activity; 2) in failing to make a proper credibility finding; 3) in failing to make a specific finding for rejecting plaintiff's complaints of pain.

Plaintiff claims the ALJ failed to provide clear and convincing reasons for discrediting the plaintiff's testimony as to the degree of his pain.

Defendant asserts that the ALJ, in addition to the objective clinical findings, considered plaintiff's medical treatment history to conclude inconsistency in the severity of his complaints. Looking at plaintiff's daily activities, and noting that the majority of the remaining physicians and State Agency non-examining physicians found that plaintiff was capable of light work, defendant asserts it was reasonable for the ALJ to find that plaintiff was not prevented from performing any work because of pain.

At every stage in the ALJ's disability determination, the claimant's subjective symptoms (the nature, degree, duration and disabling severity of them) is a critical issue. The ALJ therefore, is required to make a specific finding regarding the believability of the claimant and whether the ALJ finds his description of his symptoms, such as pain, to be credible. Whenever an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rasah v. Sullivan, 902 F2d 1229, 1231 (9th Cir. 1990).

Because subjective symptoms, such as pain, are highly idiosyncratic, a plaintiff is not required to adduce proof of a medical impairment that would make the claimed level of pain inevitable. As long as plaintiff offers evidence of a

medical impairment that could reasonably be expected to produce pain, the ALJ may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged is not supported by objective medical evidence. Bunnell, 947 F.2d at 346-47. The ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). An absence of such findings without more, constitutes error.

In plaintiff's "Report of Continuing Disability Interview" dated may 14, 2003, plaintiff stated that his pain was worse, and that along with a left knee injury, he had a back injury. (Administrative Record ["AR"] 171.) When listing information regarding his medial records, he noted that he takes medication, physical therapy, and recommended lumbar epidural steroid injections on the right side. (AR 172.) He noted that he can't sit very long because his legs lock up and therefore he walks a block to loosen them up, and that he can't walk longer because of the pain in his knees and back. (AR 174.) He listed his activities to include shopping, watching TV, reading the paper, and driving for short distances. (AR 174.) The Social Security Interviewer noted that he "had to get up several times during the interview because of the pain of sitting." (AR 179).

Plaintiff testified that he worked as a yard person from September 20, 2000 until his back injury in January 2002. (AR 189; 463.) In his job he would be welding, operating heavy equipment, cleaning and lifting steel and aluminum parts, frequently 80 pounds with the most weight being 300 pounds. (AR 190.) He had to stop working because his back gave out in January 2002. (AR 463.) After four months disability leave, he was fired from his job. (AR 199.) Since then he has not applied for work. In his daily activities questionnaire dated September 3, 2003, plaintiff noted that he shopped for food 2 times a month, walked around the house for a block, and drove to the store or the doctor's office. (AR 2196-197.)

The ALJ rejected plaintiff's complaints of disabling pain. The ALJ found that the degree, severity, and duration of his symptoms were not credible. The

ALJ based this evidence on a number of inconsistencies in the record. (AR 25-34.)

The ALJ found that plaintiff was not credible despite the fact that Dr. Tooma, plaintiff's personal physician, opined that plaintiff required the use of a cane, and plaintiff testified in a hearing that he uses a cane to ambulate (AR 29; 421; 474.) The ALJ stated that because there was nothing in the record that shows that at the time of benefits cessation whether claimant was prescribed a cane, had instability in his knees, imbalance problems, or any showing of marked limitation on motion of either knee (while being able to do activities such as walking and chores which do not require the use of an assisted device), plaintiff was not fully credible.

In the oral hearing before the ALJ, plaintiff admitted that although he was prescribed a cane when he first got hurt, the years progressed and he no longer uses the cane everyday. (AR 474.) It was incorrect for the ALJ to find him not credible for engaging in activities that did not require a cane when in fact plaintiff admitted that he no longer uses a cane every day.

The ALJ found inconsistencies with plaintiff's daily activities and his allegation of disabling pain. (AR 30.) "The claimant's daily activities, if rigorous enough to be a fair proxy for the demands of work, can constitute a basis to find allegations of disabling pain (or other subjective symptoms) not credible. See Fair v. Bowen, 885 F2d 597, 603 (9th Cir. 1989)(daily activities may be reason to discredit excess pain allegation if clamant is able to spend a substantial part of the day performing activities that are transferable to a work setting)."

Here, the ALJ noted that plaintiff's daily activities increased by the date of benefit cessation because he was able to do such things as laundry and light chores (AR 30, 146). However, the evidence actually shows that at the time of benefit cessation, plaintiff was limited to those chores to 2-3 days a week and was also limited to standing for 1/2 hour, walking one or two blocks before being forced to rest for 20 minutes, and that prolonged sitting caused his back to hurt. (AR 146.) The ALJ may not create inconsistencies in the record by selective reading of the

evidence or by taking certain evidence out of context. See Reddick v. Chater, 157 F.3d 715, 722-23 (9th Cir. 1998). The plaintiff does not need to be completely immobile to be disabled. The ALJ's conclusion that plaintiff's activities indicate a higher level of functioning was not supported by the frequency and amount of his daily activities. (AR 30.)

The ALJ also found inconsistencies between plaintiff's conservative treatment regimen and his alleged level of pain. (AR 29-30.) Conservative or infrequent treatment may be used by the ALJ to refute allegation of disabling pain. See Johnson v. Shalala, 60 F3d 1428, 1434 (9th Cir. 1995). The ALJ noted that plaintiff was never recommended to undergo surgical intervention for his back or neck. (AR 29.) (AR 338.) Dr. Fonseca on July 17, 2002 said that because plaintiff didn't exhaust all conservative treatment, surgery wasn't recommended to him at the time. (AR 376.) Dr. Meltzer said on October 9, 2002 that plaintiff was not a surgical candidate, and that with appropriate therapy and treatment he may be able to return to work in two months after a reevaluation. (AR 380.) Since plaintiff's doctors concluded that conservative treatment options may help plaintiff in getting back to work, choosing that option should not be used against plaintiff's credibility regarding pain.

The ALJ further found plaintiff not credible because he traced his back pain to 2001, but he continued working until January 2002. (AR 30.) Plaintiff said his back was hurt in January 2001 when he was hit with a steel pipe in the back (AR 462), and his back started hurting again six months later, but it didn't give out until 2002 when he picked up a five pound piece and then went on a four month disability leave (AR 463). Plaintiff is not claiming his injury in 2001 caused him to be disabled, but gave a history of his back pain and job performance by testifying that he was initially injured in 2001, increased his lifting to 200 pounds in the middle of 2001, and his back finally gave out in January 2002. Only then he was no longer able to work. It was not inconsistent for plaintiff to be injured in 2001 but continue

to work, and be injured in again 2002. Plaintiff claims that he was not able to work in January 2002, when the day after his injury the doctor noted that he was "unable to stand erect" and diagnosed him with a sprain/strain of the lumber spine. (AR 224-25).

Defendant claims that the ALJ noted that the majority of examining physicians and State Agency non-examining physicians found that plaintiff was capable of light work (AR 30) and thus it was reasonable for the ALJ to find that plaintiff was not prevented from performing any work because of pain. General findings by an ALJ are not sufficient and the ALJ's reasons for rejecting the plaintiff's testimony must be "clear and convincing." Lester v. Chater, 81 F.3d 8121, 834 (9th Cir. 1995). The ALJ's general reasoning for rejecting plaintiff's testimony is not sufficient, in fact, the ALJ made that statement not to reject plaintiff's credibility, but to assess plaintiff's residual functional capacity. (AR 30.)

By not evaluating the evidence in the proper context and by not giving specific reasons for disregarding plaintiff's subjective complaints of pain, the ALJ erred in rejecting the plaintiff's subjective complaints of pain.

## ORDER

For all of the foregoing reasons, IT IS ORDERED the decision of the Commissioner is reversed and the matter remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. §405(g).

DATED: March 26, 2009

_____/ s /_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE